Zampella v. Commissioner of Internal Revenue May it please the Court, my name is Lawrence Brody from Agostino Associates, representing the appellant Edward Zampella. I'd like to reserve three minutes for rebuttal. Granted. Okay. This is an appeal from the U.S. Tax Court decision regarding Mr. Zampella's ability to claim the first-time homebuyer's refundable tax credit. In the court below, the case was fully stipulated under Tax Court Rule 122, which means there were no facts in dispute lending this to a de novo review by this Court. We're aware of the facts. Okay. And there's really not much law that I could see on this first-time homebuyer credit, is that right? We couldn't find any. We searched far and wide. So it's a case of first impression involving interpretation of the statute, and it seems we've got two provisions at issue. You've got one interesting, I thought, New Jersey law argument relative to the first aspect of the case, which relates to who's the buyer, right? Yes. And the second issue, though, I want to start with that one. How do you get around the Subsection 2, Roman numeral 2, which says the basis of the property in the hands of the person acquiring such property is not determined under Section 1014A relating to property acquired from a deceased? We look at that two ways. First, the government keeps saying in whole or in part. We don't read that into that subsection because that's only part of subsection capital I. The second part, too, even if in whole or in part, doesn't appear in the introductory language in 2 small i subsection, I never had to know how to say this, 2 small i to Roman numeral 2, that it is still determined under Section 1014A? I mean, whether or not it's in whole or in part, isn't it still determined? The part that he bought, he bought a tenants in common interest, we claim, and I realize we'll get to that later, from his brother. The tenants in common interest, the freely Also, for example, under 1031, like-kind exchanges considered an independent interest under the government's. But wait, wasn't this property passed from a decedent? Isn't that what this is? This is property that passed from a decedent, correct? The title goes from the mother, right? Property passed from a decedent shall be the fair market value of the property at the day of the decedent's death. Isn't that the basis of the property? Well, there are two pieces. There's the tenants in common interest that he inherited, that we concede he inherited. There's also a tenants in common No, the basis of property passed from a decedent, right? Isn't that what we're talking about? For the part, the tenants in common interest he inherited, yes. He didn't inherit. Well, let me ask you this. He got a deed. He got a deed. What was his, what was Edward Zampella's basis in the property? The piece of property he bought from his brother, the tenants I was hoping to get a number. I mean, I'm certainly no expert in tax law, but my understanding is the basis, anybody's basis in property is ascertainable by and reportable in terms of a dollar value. Is that right? Yes. And what was Edward's basis in this property? It depends on how you define property. We define the property in this case. Maybe it's easier to start this inquiry with the state law question and walk our way through that and then get to the tax issue. It might explain some of these terms. First question, we have a deed, and my understanding is that that's in compliance with New Jersey testic law. So necessarily, the interest to the whole is received by Edward by virtue of the deed from the estate, from him and his brother individually and as executors of the estate. Factually correct? I'm going to slightly disagree. The deed is... The deed says what it says. How does the deed not say that? It says two things. If it was just from the estate to him, the deed would have been written from him and his brother as executors to Edward Zampella. It goes on to say also as beneficiaries. It's effectively... Well, to be real technical, they're not beneficiaries. They're devisees, actually. Beneficiaries is a term that applies where what is being left is not real property. But we're dealing in an archaic area here, property law. Who's obligated to pay real estate taxes on this property as of the date of her death? Between the date of her death and the deed? Yes. Normally, the estate would pay it. Doesn't that undermine your statement that immediately upon death, the property passes? The property doesn't pass. I mean, an interest vests. You have an interest that is vested. But you don't have title. Title doesn't pass, does it? Our claim is that the interest vested. We never... Okay, interest vested. But the property didn't pass to the devisees. You need a deed. You need a deed under real estate property, real estate law. It depends on the circumstances. Sometimes a deed is merely a way to trace title, make it easier to trace title. No, no, no. I can't walk in and say I own property if I don't have a deed. Can I? Real estate? Is anybody going to pass that title without a deed? Isn't there a cloud on the title by virtue of a lack of a deed from the estate? If anybody ever looked at it. Can you tell me any title examiner in the country would approve that without a deed from the estate? No, a title examiner, if I were a title insurance company, I wouldn't approve it without it. In this case, the deeds aren't always necessary. For example, if deeds are held joint with right of survivorship or is tenancy by the entirety, you don't necessarily... Well, you have a paper trail there, though. That's why a deed is useful. But the deed in this case, it's not just from the estate. It's from the estate and them individually. You can argue whether beneficiary devisee is right, but it's from them individually plus from the estate. This all derives from the legal fiction of archaic property law. The title actually passed to the two brothers upon the death, irrespective of the opening of estate, irrespective of the deed, of the money. Isn't that the legal fiction that obtains at common law? Yes, it's passed on back. But pushing against that is this necessity for a deed from the estate to them or from the estate to Edward for Edward to have clear title. Does he have clear title without a deed from the executor or without a deed from the co-executor? It's probably not insurable title. It doesn't mean he doesn't own an interest. It just means you're not going to find a title company that will insure it. It's some sort of inchoate interest. That's the best you can get, right? It's not a legal interest, legally enforceable interest. I'm not thinking we're arguing anything other than it's an inchoate interest. It's an inchoate interest that he owned and that his brother owned. And what matters for tax law, that it's an inchoate interest or that it's a legal interest? Because that's the rub here, right? I mean, we're talking about the tax credit. So how does that inchoate interest help him with the tax credit? What we're arguing with first is who did he actually buy the piece of property from? Well, and the deed tells us, right? And isn't the HUD document consistent with that? The way I read them, and other people may read them differently, so at best they're ambiguous or at worst they're ambiguous, is that it comes from the estate and also from them individually. It saves the step of two deeds. I mean, normally what you would do … Anybody involved in conveyancing knows that when you convey property, if there is any question whatsoever about an interest someone may have in the property being conveyed, you put every possible grantor on there that you can if they're willing to go on, right? If you look at the money flow, the money flow from Mr. …  If there's any possible interest out there in the property and you want to convey clear title, you are going to put every grantor on the deed that you can find. Yes. All right. So the two Zampella brothers here were listed as grantors because under New Jersey real estate law, past state law, common law, they had obtained an interest in title to the property upon the immediate death of their mother. Yes. All right. And that's why they're named in the deed of conveyance. And if you follow, I said if you follow the money, the money went from Mr. Zampella to his brother through the attorney and a 1099 was issued. Through the attorney. I mean, the money went to his brother from Zapolsky Esquire, from the trust account. It didn't go from the brother. It went from the trust account. The attorney for the estate, right? As far as I know, he's the attorney, the closing agent for the real property. I have no knowledge. Could you not have structured this differently? As I said, you could have written two deeds, but does it really make sense to force people into, you know, useless acts of creating two deeds? Well, it would have been a useful act because then your argument would have had some support. As it is now, I don't see where the interest flows as between brothers. It flows instead through the trust account, which is the estate. That I disagree. The trust account is not necessarily the estate because we have no evidence that he was other than a closing attorney for the real estate. Normally there are closing attorneys for real estate and the money flows through their trust account. I was certainly not wanting to foreclose my colleague from questions about the tax issues. I just thought it might help to understand them if we got the transactional aspect of this clearer. I'm not sure that's been accomplished. Well, let me see if I can understand your argument. At its base, my understanding, Mr. Brody, is that you're asking us to look at the reality behind the legal isms or legal aspects of the documents at issue here. Is that true or not? Well, in part. I mean, I don't think the documents are absolutely – I disagree. I don't think the documents are absolutely clear. Also, looking at the substance of what happened is that the money went – the 1099 was issued, which implies that his brother actually sold the property. Otherwise, you wouldn't issue a 1099. My colleagues may be shocked to hear me ask this question, but have you examined in any way the legislative history of this section of the tax code? I mean, what its purpose is or is stated to be? I didn't directly look at it because typically courts believe you should look at the law itself and not the – That's why he shouldn't have asked the question. Let me ask this so you can – why don't you think about this on rebuttal if you can't answer it right now. I'm still interested in the number as to what Mr. Zampella's basis is in this property. I'd like to hear that on rebuttal. Okay. Thank you, Your Honor. Please, the Court. Robert Bramman for the Commissioner of Internal Revenue. First, may I say I'm not prepared to respond to Spiker's hypothetical about the absence of a tax return record. Mr. Zampella hasn't languished in jail for 320 days either. No, true. And I'm confident the Court understands our initial argument about the substance of the transaction, the form that the transaction took and what that meant about who was selling what. I see this as an informal transaction between brothers who are both co-executors of an estate and devisees, heirs, beneficiaries, whatever, of their mother's estate. But what really happened here is that one brother parted with his interest in favor of – so the other brother would have the whole. True. I have no doubt that Mr. Zampella feels like he bought out his brother. Right. Exactly. And that's really what happened, isn't it? And his brother is not a related person for purposes of the statute, so that would be okay, right? Yes. What's not okay is to buy it from an estate. That's correct. And the deed looks like a sale from the estate. So is there any force to the argument that we really ought to be looking at the substance here, not the form, of the transaction? No, I think we should be looking at – You use that argument all the time. Yeah, the government does. It's a little one-sided documents. It's a little different when the commissioner is looking at a taxpayer who has made a transaction look to be something different for tax purposes than when a taxpayer structures the transaction himself. That's what these guys did here that was fairly informal. Well, I don't know that I can accept that. I mean, you're saying that when taxpayers are strategic and careful, the substance must control in favor of the commissioner, but when they're not so creative and careful, the formalities control and we should ignore the substance when we all sort of know that, and I think as you correctly conceded, the substance here is one brother bought out the other brother. That's the reality here. That's the end result, and that's the way they think of it. But the estate had to be involved here. The fact is that both brothers were co-executives of the estate, so they didn't think too hard about whether they were acting in this capacity or that capacity. That's why the deed says we're acting as individuals and co-executives and beneficiaries, and it could have said other things, too. Could they have structured this differently in order for Edward to take advantage of, correctly take advantage of the tax credit? I'm not sure they could have. Could the one brother have executed a document that assigns his interest in the property to the other? I'm sorry, I missed the beginning of the question. Okay. Could the one, is it Arthur? Could he not have executed a document assignment of interest to Edward, and Edward take it to whoever, take it to the two of them and get the deed? Wouldn't that have effectuated the same thing? I think so. I'm not sure. Couldn't they as co-executors have issued a deed to themselves as tenants in common and then have a subsequent transfer of one-half interest from brother to Edward? Yes, they could have done that. And that would have avoided the problem that brings us here. It would have gotten them a little bit closer. I haven't, there aren't a lot of cases, reported cases on this. Closer or across the finish line? I don't know it would have gotten them the whole way because I haven't found cases that say if you buy a half interest in a residence in which you already have a half interest that you qualify for the credit. Well, but it would have been from the sibling. The acquisition would have been from the brother and then the sibling doesn't. And the interest is clearly divisible. I mean, it's a separate interest. We're not talking about an entirety's interest or survivorship interest. We are talking about what is effectively subject to being partitioned, two separate one-half interests in the whole. Yes, they could have done two separate transactions, one deed from the estate to the brothers in common and one from one brother to the other brother. It would have taken a little bit more work. It would have been another deed. It might have been another transfer fee. You can see in the record they paid $1,100 per quarter fee for the transfer. So why then isn't the answer to Judge Hardiman's question that, you know, they just didn't do it in that attenuated way. But it's clear what was intended. I've forgotten Judge Hardiman's question, but we all know what happened. Well, look at the substance, not the form. Right. The substance, not the form. They could have done it more formally and done it with two deeds. They might have countered an additional transfer tax and maybe that's why they did it the way they did. But what about the basis? I mean, I don't feel like we've gotten anywhere on this basis issue, which to me is a very important point in this case. Let's use real numbers here. This house is approximately $400,000, right? Right. Okay. So let's use the counterfactual. Let's say the estate gives the property to Edward and Arthur as tenants in common and then Arthur then transfers his interest to his undivided one-half interest to Edward. Can Edward take advantage of the first-time homebuyer credit and what basis does Edward have at both stages of that transaction in the $400,000? Okay. At the end of that transaction, Edward's basis is $215,000. That's what he paid Arthur for Arthur's half. And he gets a—I'm sorry, he gets a—I'm sorry, his basis is $430,000. That's right. He gets a stepped-up basis on the half he inherited. Right. And he gets a cost basis for the half that he bought from his brother. All right. Now apply that to this statute, this subsection 2, Roman 2. Does it apply or not to the counterfactual? Under 1014A. And then his basis is determined under Section 1014A and under Section 1012. Although that is— So he still loses under the counterfactual. That's right. Although the issue then becomes property passed from a decedent. You might say that the only aspect of—well, you have to decide what that— and that's what your opponent was getting at. To be clear, and probably just to state the obvious, we don't even get to this basis question if we find that the transfer was from an estate, right? Yes. Right. Because that's— That's out of the tax court. Not a related—okay. It's a related question. But assuming we go against you and say, you know, substance over form, then where are we? Your argument is that under the counterfactual, where the estate passes the property to the two brothers as tenants in common and one brother, Arthur, transfers his undivided one-half interest to Edward, you're saying that Roman 2 still applies because the basis is determined under Section 1014A? Yes. Just no matter how you structure it, the property passed from the decedent? Yes. Section 1014 is required to determine Edward's— And why is 1014 required under the counterfactual when it's not an estate selling the whole home to Edward but rather Edward and Arthur as tenants in common selling it to Edward? Why does that transfer implicate 1014A? 1014A was part of where Edward got his basis in his half. Well, isn't the answer because 1014A says, the basis of property passed from a decedent shall be the fair market value of the property at the date of the decedent's death. And that's the situation we have. We have this as the rule that applies here. Yes. So it's under 1014A. The only wrinkle is property passed from a decedent, as to whether the property is passing from the decedent or whether the property is passing in part from Arthur. And that's the argument that Mr. Brody was making earlier where he was talking about the tenants in common interest. Yes, and I read that to include passing from the estate too. Right. Okay. All right, so just to make sure I understand your argument, the intervening transfer does not negate the fact that when Edward becomes the sole owner of this real estate, his basis was at some point in time determined with reference to the basis that he acquired from the decedent. Yes, that's our alternative argument. The tax court didn't reach, but the court can reach based on the stipulated record. And what's your view about the precedential import of this? Any other cases? I assume you handle similar cases around the country. Maybe that's an incorrect assumption. But is this really a momentous issue of law, or is this, from the commissioner's standpoint, much ado about nothing? It is not a momentous issue of law. I thought that might be reflected by the huge gallery we have for this. Are there other cases like this percolating out? Is this a one-off sui generis, or are there other cases percolating out there like this? I mean, people inherit property from their parents all the time, multiple children. It doesn't seem like that unusual of a factual context. I only know of three appellate cases dealing with a first-time homebuyer credit. Coincidentally, my colleague is arguing one today in Atlanta, but it's a different fact. It's a relatively new law, too. Yes, but it's a temporary law, too. It's already over. So in your view, it's a one-off? Yes. I don't think there's going to be a flood of litigation on first-time homebuyer credit. That's good news for us. We try to avoid floods of litigation. Okay. That's all I have, unless there are any questions. I'll just add one last point there in response to an earlier question. There's nothing in the record about whether Mr. Zapolsky was an attorney for the estate. Yes, I raised that, and I readily admit I made an error. Thank you. I was previously asked about basis. The credit Mr. Zampella took was for the tenants in common interest he had purchased from his brother, not for the tenants in common interest that he inherited. Can I get a number? Yes, for the tenants in common interest that he purchased, it was the purchase price, which was $215,000. All right, so his basis in the property is presently $215,000? For the tenants in common interest, it was $215,000. No, I don't want any words qualifying it. What is his basis? What is the number? That is a number. I don't want you to think I'm berating you or intemperate, but the reason this is so important to me anyway is that what appears to me to be your evasiveness in giving me a direct answer to the question suggests to me that now you're trying to do the same sort of, you know, say X when it helps me and Y when it helps me over here. Okay. And what you can't do assuredly here is if you want to make an argument from the equities that this court ought to disregard what appears to be the formalistic aspects of the transaction and focus on what might be the reality, namely two brothers giving up the family homestead, what you can't do when you're arguing from the equities is to shade the truth regarding what his basis is in the property. And you can't tell us it's one thing and tell the Internal Revenue Service it's something else. If he sold the whole home and not a Tenants in Common Interest, it would be $430,000, which is made up in part of the $215,000 he paid, and in part the basis of the half he inherited, the Tenants in Common that he inherited at the date of death, which also happened to be $215,000. They structured it so it was the same number. It's the fair market value that was paid at the time, I mean that it had at the time of the transfer. Is that right? But only half of it. That's the problem. He bought half, he inherited half. The half he inherited was the date of death value. When it says property passed from the decedent, and you're contending half of the property didn't pass from the decedent, it passed from him. He got it, his brother inherited Tenants in Common Interest, he purchased that, if you look at all the money and everything else, he purchased that from the brother. If he bought half and he inherited half, and his basis is part of each, then what you're really saying is it was in part. You're saying it wasn't in whole because of the decedent's estate, but it was at least in part because of the defective title of the decedent's estate. His basis in the entire land and the house on the land was in part based on that. We're arguing that you can buy a Tenants in Common Interest and the purchase of a Tenants in Common Interest, even if you own part of it, qualifies for the first-time homebuyer tax credit. Okay, thank you. Thank you. Thank you. Okay, so we'll argue to take it under advisement.